<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYNE CHARLES, *Plaintiff*, v. DAVID L. MORRIS, et al., *Defendants.* | Civil Action No. 14-6818<br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE,**

This matter comes before the Court on Plaintiff Wayne Charles' ("Plaintiff") motion for final judgment by default pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons set forth herein, the motion is **GRANTED**.

**I.     BACKGROUND**

Plaintiff is a New York resident who loaned money to the defendants in this case. Compl. ¶ 1, Dkt. No. 1. Defendants here comprise Morris Mortgage, Inc. ("Morris Mortgage"), D. Morris Financial, LLC ("Morris Financial"), SIP Family Builders, LLC ("SIP")—all New Jersey companies—and David M. L. Morris ("Defendant Morris"), a New Jersey resident (collectively, "Defendants"). Id. ¶¶ 2-4. Plaintiff alleges that Morris Mortgage, Morris Financial, and SIP are alter egos of Defendant Morris, who is the controlling shareholder of Morris Mortgage and the majority/managing member of Morris Financial and SIP. Id. ¶ 6.

On March 9, 2007, Plaintiff loaned Defendant Morris $250,000 by issuing a check to him. Id. ¶ 10, Ex. A. Defendant Morris deposited the funds. Id. ¶ 11. On November 2, 2008, Defendant Morris Mortgage paid Plaintiff $4,000 in partial payment of the loan. Id. ¶ 12, Ex. B. The check

was made payable to Gerald B. Lefcourt, P.C. at Plaintiff's instruction. Id. On May 24, 2012, Plaintiff demanded to be fully repaid on the loan, which he was permitted to do. Id. ¶¶ 13-14. Defendant Morris refused to repay the loan. Id. ¶ 14.

Plaintiff filed a Complaint in this Court on October 30, 2014, seeking monetary damages, plus interest, costs of suit, and attorney's fees. The Complaint was served on David L. Morris on November 7, 2014. Dkt. No. 3. Plaintiff moved for entry of default, Dkt. No. 10, and for default judgment, Dkt. No. 12. Defendants have not opposed the motion, answered the Complaint, or otherwise replied in any way.

## II.  STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party

2

subject to default.  Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

**III.  ANALYSIS**

**A.  Jurisdiction & Service**

The Court concludes it has both subject matter jurisdiction over this dispute and personal jurisdiction over the defendants.  First, the Court has subject matter jurisdiction under 28 U.S.C. § 1332.  See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012).  Plaintiff is a resident of New York, Defendants are residents of New Jersey, and the amount in controversy is greater than $75,000.  Additionally, Plaintiff has provided the Court with proof of service on Defendants by serving Defendant Morris with four copies of the summons and complaint.  Dkt. No. 3.

**B.  Liability**

The Court concludes that Plaintiff has pled a breach of contract claim against the Defendants.  "To prove a breach of contract under New Jersey law, 'a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result.'"  Red Roof Franchising, LLC v. Patel, 564 F. App'x 685, 688 (3d Cir. 2014).  Plaintiff has pled the existence of a contractual relationship vis-à-vis the loan, that Defendants breached that agreement by failing to repay the loan, and resulting damages.

**C.  Appropriateness of Default Judgment**

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default.  Doug Brady, 250 F.R.D. at 177.  The Court concludes that in the

3

absence of any responsive pleading and based upon the facts alleged in the Complaint, the Defendants do not have a meritorious defense. See Ramada, 2012 WL 924385, at *5. Second, the Court finds that Plaintiff will suffer prejudice absent entry of default judgment as Plaintiff will have no other means of obtaining relief. Finally, the Court finds the Defendants acted culpably as they have been served with the Complaint, are not infants or otherwise incompetent, and are not presently engaged in military service. See Super 8, 2014 WL 4388697, at *2; see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Plaintiff seeks $246,000.00 in in damages, the amount left unpaid on the loan. Compl. at 4. The Court finds that Plaintiff has provided sufficient evidence of these damages. See id. Exs. A-B.

Plaintiff also seeks New York statutory interest at the rate of 10% for a total of $123,074.64. However, Plaintiff does not allege that the contract has a provision applying New York law, or that there is any other reason New York law should apply to the determination of prejudgment interest. See In re Exxon Valdez, 484 F.3d 1098 (9th Cir. 2007) (federal courts sitting in diversity should apply state law regarding prejudgment interest unless federal law preempts it). Prejudgment interest in contract actions are "assessed on a discretionary basis as the result of the application of equitable principles." DialAmerica Mktg., Inc. v. KeySpan Energy Corp., 374 N.J. Super. 502, 508 (App. Div.), cert. denied, 184 N.J. 212 (2005). Here, Plaintiff did not move for Clerk's entry of default until prompted by the Court to do so. Dkt. No. 9. Plaintiff then did not move for default judgment until again prompted by the Court. Dkt. No. 11. The allegations

sparsely discuss any injury, and Plaintiff gives no compelling reason why a grant of prejudgment interest is equitable here. The Court therefore declines to awards prejudgment interest.

Plaintiff has not provided any evidence of attorney's fees or costs. Therefore the Court will enter judgment against Defendants for $246,000.00 in damages.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for final judgment by default is **GRANTED.** An appropriate order accompanies this opinion.

Dated: February 23, 2016          /s Madeline Cox Arleo
                                  **UNITED STATES DISTRICT JUDGE**